IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CV -

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR** |
| ) | **FORFEITURE IN REM** |
| v. ) | |
| ) | |
| JERABEK PERSONAL PROPERTY, ) | |
| SPECIFICALLY DESCRIBED AS: ) | |
| A 2008 DODGE CHARGER, ) | |
| VIN: 2B3KA43G38H286411, ) | |
| AND ANY AND ALL ATTACHMENTS THEREON;) | |
| AND ANY AND ALL PROCEEDS FROM THE ) | |
| SALE OF SAID PROPERTY, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(4) for the forfeiture of a conveyance which was used or intended for use to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). The Court has in rem jurisdiction by virtue of 28 U.S.C. § 1355(b). Venue in this district is proper by virtue of 28 U.S.C. §§ 1395(b) and 21 U.S.C. § 881(j).

3. The defendant was seized in Wilmington, New Hanover County, North Carolina and is currently in the custody of the U. S. Marshal's Service, within the jurisdiction of this Court.

4. The facts and circumstances supporting the seizure and forfeiture of the defendant are contained in Exhibit A, Declaration of Special Agent Harold W. Jordan of the Drug Enforcement Administration, which is attached hereto and incorporated herein by reference. Such facts constitute probable cause for the forfeiture of the defendant property.

5. The defendant was used or intended for use to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, in accordance with Supplemental Rule G(3)(b)(i), the plaintiff requests that the Clerk issue a warrant of arrest in rem for the defendant; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

2

Respectfully submitted this 28th day of August, 2012.

        THOMAS G. WALKER
        United States Attorney

BY: /s/ Stephen A. West
    STEPHEN A. WEST
Assistant United States Attorney
Attorney for Plaintiff
Civil Division
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: steve.west@usdoj.gov
NC State Bar No. 12586

VERIFICATION

I, Stephen A. West, Assistant United States Attorney for the Eastern District of North Carolina, declare under penalty of perjury, as provided by 28 U.S.C. Section 1746, the following:

That the foregoing Complaint for Forfeiture is based on reports and information furnished to me by Special Agent Harold W. Jordan of the Drug Enforcement Administration and to the best of my information and belief, is true and correct.

This the 28th day of August, 2012.

/s/ Stephen A. West
STEPHEN A. WEST
Assistant United States Attorney
Civil Division