IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-cv-00250-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| JERABEK PERSONAL PROPERTY, | ) | |
| *Specifically Described As: A 2008 Dodge Charger,* | ) | |
| *VIN: 2B3KA43G38H286411, and any and all* | ) | |
| *attachments thereon; and any and all proceeds* | ) | |
| *from the sale of said property,* | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for entry of default [D.E. 12], which has been referred to the undersigned. For the reasons that follow, the motion for entry of default will be denied.

On August 28, 2012, plaintiff filed a complaint for forfeiture in rem alleging that the defendant 2008 Dodge Charger, VIN: 2B3KA43G38H286411, ("property") was used or intended for use to transport or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to plaintiff pursuant to 21 U.S.C. § 881(a)(4). On December 5, 2012, plaintiff filed its proof of service, which indicated that potential claimants Anna Carignan and Robert Evans Jerabek, Jr. were served on November 26, 2012 [D.E. 6 & 7]. On December 27, 2012, Jerabek filed, pro se, a letter [D.E. 8], which indicated that it was filed in response to the notice of forfeiture and stating Jerabek's ownership interest in the property and various reasons why he believed the property should be returned to his possession. On February

21, 2013, plaintiff filed a motion for entry of default [D.E. 12] and affidavit for failure to plead or otherwise defend [D.E. 11]. Jerabek failed to file a response to plaintiff's motion.

Rule 55 of the Federal Rules of Civil Procedure provides that the clerk must enter default when a party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Plaintiff contends that it is entitled to default on the grounds that no answer to the complaint has been filed. Plaintiff acknowledges that Jerabek filed a verified claim, but asserts that he failed to file an answer, as required by Supplemental Rule G(5)(b), despite plaintiff expressly informing him by letter of the requirement to do so.

The undersigned is cognizant of the Supplemental Rules's requirement for the filing of both a claim and an answer in response to a forfeiture action. See id. Supp. R. G(5)(a) & (b). However, applying the Fourth Circuit's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010), and considering Jerabek's pro se status, the undersigned finds entry of default inappropriate. Jerabek asserted both his ownership in the property and his defenses to the complaint in his December 27, 2012 letter, and the undersigned liberally construes Jerabek's pro se filing to include both a claim and an answer. See White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989) (pro se pleadingly are entitled to more liberal treatment than those drafted by attorneys). Accordingly, the motion for entry of default is denied.

SO ORDERED. This 19th day of March 2013.

Julie A. Richards
Clerk of Court

2