IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.: 7:12-CV-250-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERABEK PERSONAL PROPERTY | ) | |
| Specifically Described As: A 2008 Dodge | ) | ORDER |
| Charger, VIN: 2B3KA43G38H286411, | ) | |
| and all attachments thereon; and any and | ) | |
| all proceeds from the sale of said property, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| ROBERT E. JERABEK, | ) | |
| | ) | |
| Claimant. | ) | |

In this forfeiture action initiated by complaint filed August 28, 2012, after reviewing the record and pursuant to Federal Rule of Civil Procedure 16(b), the court orders on the motion for default judgment (DE # 13) and the schedule of the case as follows:

1. Claimant, proceeding *pro se*, filed claim December 27, 2012, in the form of a detailed, notarized letter with attachments. Claimant responded also to the clerk's notice of deficiency for failure to file financial disclosure statement February 11, 2012. The government, however, sought entry of default and default judgment February 21, 2013. The clerk quite properly denied entry of default for reasons set forth in order entered March 19, 2013. The undersigned endorses the determination memorialized therein, that claimant's filing of December 27, 2012, should in this

instance be construed as both a claim and an answer. The government's motion for default judgment (DE # 13) is, therefore, **DENIED.**

2    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **April 30, 2013.**

3.   All discovery shall be commenced or served in time to be completed by **July 1, 2013.**

4.   All motions shall be filed in compliance with Local Civil Rule 7.1.[1]

5.   All motions, including dispositive ones, shall be filed by **August 1, 2013.**

The schedule of the case herein ordered shall not be modified except by leave of court upon a showing of good cause. Should the case remain pending after the conclusion of discovery and resolution of any dispositive motion(s), the court then will issue separate order setting the trial date and establishing any pre-trial procedures, or such other and further orders as the court deems appropriate.

SO ORDERED, this the 27th day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made other than in a hearing or trial shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."