IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-250-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JERABEK PERSONAL PROPERTY, ) | **MEMORANDUM AND** |
| *Specifically Described As: A 2008 Dodge* ) | **RECOMMENDATION** |
| *Charger, VIN: 2B3KA43G38H286411, and* ) | |
| *any and all attachments thereon; and any* ) | |
| *and all proceeds from the sale of said* ) | |
| *property,* ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ROBERT E. JERABEK, ) | |
| ) | |
| Claimant. ) | |

This matter comes before the court upon the Government's motion for summary judgment [DE-18] and the motions of *pro se* Claimant Robert E. Jerabek ("Jerabek" or "Claimant") to dismiss and for return of property [DE-16] and to suppress evidence [DE-22]. All briefing is complete and the motions are ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions are considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Claimant's motion to dismiss and for return of property be denied, Claimant's motion to suppress be denied, and the Government's motion for summary judgment be granted.

## I. BACKGROUND

The government initiated this civil forfeiture action on August 28, 2012, by filing a complaint for forfeiture *in rem* against defendant property to enforce the provision of 21 U.S.C. § 881(a)(4). Compl. [DE-1]. The complaint alleges that the defendant property at issue was used or was intended to be used to transport or facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. The complaint included a request by the Government that the Clerk issue a warrant of arrest *in rem* for the defendant property in accordance with Supplemental Rule G(3)(b)(i). Attached to the complaint was the declaration of DEA Special Agent Harold W. Jordan, which included a detailed recitation of the events leading up to the search of Claimant's residence resulting in the recovery of the defendant vehicle. Decl. [DE-1-1]. The search of Claimant's residence was conducted by members of the New Hanover County Sheriff's Office ("NHCSO") pursuant to a search warrant issued and executed on March 28, 2012.

The declaration alleges the following facts. On March 13, 2012, the NHCSO received information from a narcotics unit in Onslow County regarding Claimant who was believed to be selling large quantities of marijuana and growing marijuana at his residence in New Hanover County. Detective A.C. Green of the NHCSO began investigating Claimant and obtained a search warrant for Claimant's residence on March 28, 2012. NHCSO officers executed the search warrant at Claimant's residence the same day. Claimant's girlfriend was present when the NHCSO officers arrived at the residence. Officers noticed a smell of marijuana upon entering Claimant's residence. Inside the residence, officers located glass jars of marijuana and hashish, freshly harvested marijuana drying on hangers, and dryers and dehumidifiers. The officers also observed attic rooms being used

to grow marijuana, 65 marijuana plants, high intensity grow lights, air filter systems, and 258.2 grams of marijuana and 30.6 grams of hashish. In the driveway of Claimant's residence, officers located the defendant vehicle, a search of which revealed marijuana residue on the floorboards and between the seats and a marijuana cigarette. A sheriff's office canine conducted a free air examination of the defendant vehicle and alerted to the presence of a controlled substance odor. Decl. [DE-1-1].

According to the declaration, Claimant's girlfriend stated that Claimant grew and trimmed marijuana and sold marijuana. Claimant later arrived at the residence and spoke with the NHCSO officers. Claimant stated that the marijuana grow operation belonged to him and that he transported equipment and supplies for the marijuana grow operation in the defendant vehicle. Based on the aforementioned facts and circumstances, Claimant was arrested and charged and defendant vehicle was seized subsequent to Claimant's arrest. Decl. [DE-1-1]. According to the Government, Claimant was charged with multiple North Carolina state controlled substances violations and pled guilty on April 19, 2012, before a North Carolina District Court judge to felony manufacture with intent to manufacture, sell or deliver marijuana and felony possession with intent to sell and deliver marijuana. *See* Gov't's Resp. in Opp'n to Mot. to Suppress [DE-26] at 3; New Hanover County State Court Order [DE-16-2].

Thereafter, the DEA adopted the seizure of defendant vehicle by the NHCSO officers and mailed an official Notice of Seizure to Claimant on May 16, 2012, noting a seizure date of April 27, 2012. Notice of Seizure [DE-16-1]. Claimant timely filed an administrative claim, resulting in referral of the forfeiture to the United States Attorney for institution of the instant civil forfeiture action. Examination of the court records show that service of the Government's complaint and the

3

Warrant of Arrest In Rem was made on Claimant Jerabek, via personal service on November 26, 2012, by an agent of the U.S. Marshals Service. [DE-7]. Defendant vehicle was served on October 31, 2012. [DE-5]. Claimant Jerabek filed a *pro se* verified claim and answer on December 27, 2012. Claim & Answer [DE-8]; *see* Clerk's March 19, 2013 Order [DE-14] (denying the Government's motion for entry of default because the Clerk construed Claimant's letter filed December 27, 2012 [DE-8] in response to the notice of forfeiture to include both a claim and an answer); Court's March 27, 2013 Order [DE-15] (endorsing the Clerk's determination that Claimant's letter [DE-8] be construed as both a claim and an answer thereby denying the Government's motion for default judgment). On April 30, 2013, Claimant filed a motion to dismiss and for return of property, which alleges three grounds for dismissal and return of the property, including lack of jurisdiction by this court, purchase of the vehicle from legitimately-derived funds, and lack of a criminal conviction related to the vehicle. *See* Cl.'s Mot. to Dismiss [DE-16].

On April 18, 2013, the Government served Claimant with its First Set of Request for Admissions. Gov't's Mem. in Support of Mot. for Summ. J. Ex. A [DE-19-1]. The Government filed a Motion for Summary Judgment on June 5, 2013 [DE-18], noting that Claimant failed to respond to its request for admissions and attaching the request for admissions served on Claimant. Gov't's Mem. in Support of Mot. for Summ. J. [DE-19]. On July 3, 2013, Claimant filed his response to the Government's summary judgment motion addressing his failure to respond to the request for admissions and requesting to file his responses out of time. Cl.'s Resp. in Opp'n to Gov't's Mot. for Summ. J. [DE-21]. Claimant simultaneously filed a Motion to Suppress [DE-22], to which the government responded [DE-26]. The court entered a text order on July 23, 2013, addressing Claimant's response to the Government's motion for summary judgment. *See* Docket

4

Text Order July 23, 2013. The text order directed Claimant "to supplement that aspect of the [response] argument where claimant indicates he mistakenly responded to the government's first set of requests for admissions" and to "file within 14 days a set of those responses he asserts he made and misdirected." *Id.* Claimant has not filed a response as directed in the court's text order.

## II. DISCUSSION

A.  Motion to Dismiss and/or Return of Property[1] [DE-16]

Claimant's motion appears to raise grounds for dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6). Pursuant to Rule 12(b)(6), a court may dismiss an action which fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). A motion to dismiss should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

A motion to dismiss a forfeiture action for failure to state a claim is equally governed by Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

---

[1] It appears Claimant seeks the same relief through these two motions, namely the return of his property. The court construes this as one motion. However, to the extent Claimant's Motion for Return of Property may be construed as a separate motion from his dismissal motion, the court finds only two bases for such motion, neither having merit. First, a motion pursuant to Rule 41 of the Federal Rules of Criminal Procedure is not applicable to a civil forfeiture action. Second, a motion pursuant to Supplemental Rule G(8)(d) for release of property due to hardship provides no relief because no hardship has been shown. Accordingly, the court recommends any such motion be denied.

5

("the Supplemental Rules"), which requires a verified complaint to "state sufficiently detailed facts to support a reasonable belief that the [G]overnment will be able to meet its burden of proof at trial." Fed. R. Civ. P., Supp. R. G(2)(f). The Government need only "state[] the circumstances giving rise to the forfeiture claim with sufficient particularity" to allow a claimant to conduct a "meaningful investigation of the facts and draft[] a responsive pleading." *United States v. Mondragon*, 313 F.3d 862, 867 (4th Cir. 2002). The Government's burden of proof at trial will be to prove that defendant property is subject to forfeiture by a preponderance of the evidence. 18 U.S.C. § 983(c)(1). In considering the sufficiency of the government's complaint under Supplemental Rule G(2)(f), a court is not permitted to dismiss a complaint simply because the government did not have sufficient evidence at the time the complaint was filed to establish the forfeitability of the defendant property. 18 U.S.C. § 983(a)(3)(D); Fed. R. Civ. P., Supp. R. G(8)(b) ("[T]he complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.").

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether subject matter jurisdiction exists is a threshold question that must be addressed by the court before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff, as the party opposing a Rule 12(b)(1) motion to dismiss, has the burden of proving that subject matter jurisdiction does, in fact, exist. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Claimant first appears to contend this court lacks jurisdiction over the forfeiture proceedings based on the doctrine of concurrent jurisdiction. Cl.'s Mot. to Dismiss [DE-16]. Claimant's

arguments relies on a state court order dated April 19, 2012, which directs that the "seized vehicle is to be returned to defendant if it is not in federal custody." New Hanover County State Court Order [DE-16-2] at 2. Claimant essentially argues the state court judgment precludes a federal forfeiture action because the state court exercised prior, exclusive, *in rem* jurisdiction over defendant vehicle to deprive this court of federal *in rem* jurisdiction. [DE-16]. Claimant's argument is misplaced because there are not two competing exercises of *in rem* jurisdiction over defendant vehicle. *See United States v. $6,207.00 in U.S. Currency*, No. 2:08-CV-999, 2009 WL 2169167, at *6 (M.D. Ala. July 20, 2009) (recognizing that the court first assuming *in rem* jurisdiction prevents another from exercising *in rem* jurisdiction).

It is the general rule with respect to *in rem* proceedings that "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935). Additionally, it is well recognized that the doctrine of "adoptive forfeiture" permits the federal government or a federal agency to adopt seizures from a local agency for federal administrative forfeiture. *See United States v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 902 F.2d 267, 272 (4th Cir. 1990) (recognizing the practice of federal adoption of local seizures). The federal government's adoption of a local agency seizure is treated as if the federal government made the original seizure of the property with the date of seizure "dat[ing] back to the date the defendant [property] was initially seized by [the local agency]." *See $6,207.00*, 2009 WL 2169167, at *5-6. There is no obstacle to the federal government exercising *in rem* jurisdiction over the seized property, even property seized through adoptive forfeiture, so long as there is not a competing state court *in rem* proceeding initiated prior to the federal forfeiture proceeding. *See Penn Gen. Cas. Co.*, 294 U.S. at 195; *United States v.*

7

*$174,206.00 in U.S. Currency*, 320 F.3d 658, 661 (6th Cir. 2003) (holding that the concurrent jurisdiction doctrine does not bar a federal court from exercising *in rem* jurisdiction over property that state court has released to the claimant after state court failed to commence forfeiture action within deadline); *United States v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 667 (D.S.C. 1999) (recognizing the court has *in rem* jurisdiction over property adopted by the federal government for forfeiture where earlier state forfeiture proceeding was not pursued and thus there was no competing state *in rem* proceeding). Also, "it follows that the government may adopt a seizure where there was no authority [for the local agency] to transfer the property." *Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 902 F.2d at 272 (quotation omitted).

Here, the state court did not commence an *in rem* forfeiture action against the defendant. As such, the DEA could properly adopt the local seizure and commence the subsequent administrative forfeiture without violating the principles of concurrent jurisdiction. *See $6,207.00*, 2009 WL 2169167, at *6 (noting the concurrent jurisdiction doctrine does not bar adoption of forfeiture by a federal agency where there was no pending state forfeiture action because the state court never acquired *in rem* jurisdiction simply by seizing the defendant property). The DEA properly commenced its administrative forfeiture of defendant vehicle by sending notice to Claimant on May 16, 2012, within the 90-day prescribed statutory period beginning March 28, 2012. *See* 18 U.S.C. § 983(a)(1)(A)(iv) (providing 90 days for an administrative forfeiture proceeding to be commenced in an adoptive forfeiture case, the time period running from the date of the local agency seizure); *United States v. $200,255.00 in U.S. Currency*, No. 2:05-CV-27, 2006 WL 1687774, at *5-6 (M.D. Ga. June 16, 2006) (holding the DEA properly initiated administrative forfeiture by sending notice to the claimant within 90 days of the seizure by the local police officers). In this case, the state court

8

judgment upon which Claimant relies has no impact on the ability of the DEA to commence an administrative forfeiture because the state court never exercised *in rem* jurisdiction over the property. Therefore, Claimant's jurisdiction argument is without merit.

Next, Claimant contends that defendant vehicle was purchased with legitimate funds thereby precluding forfeiture. Cl.'s Mot. to Dismiss [DE-16]. While the civil forfeiture statute authorizes the seizure and forfeiture of proceeds of illegal drug sales, 21 U.S.C. § 881(a)(6), that is not the basis for the instant forfeiture action. Rather, the Government's basis of forfeiture for defendant property is 21 U.S.C. § 881(a)(4), which permits forfeiture of property used to facilitate the production and distribution of controlled substances. Accordingly, whether the defendant vehicle was purchased with legitimate funds has no bearing on whether the complaint states a claim to relief that is plausible on its face. Therefore, Claimant's argument as to this issue is without merit.

Claimant next contends that dismissal is appropriate because "to have any claim to the [defendant vehicle] mentioned the state would have had to convict [Claimant] of using the vehicle in some inappropriate manner," such as maintaining a vehicle. Cl.'s Mot. to Dismiss [DE-16]. "Unlike criminal forfeiture cases, conviction for the underlying criminal activity is not a prerequisite for forfeiture of the property. In civil forfeiture cases, property is subject to forfeiture 'even if its owner is acquitted of-or never called to defend against-criminal charges.'" *United States v. One Parcel of Real Estate Located at 7715 Betsy Bruce Lane, Summerfield, North Carolina*, 906 F.2d 110, 111-12 (4th Cir. 1990) (quoting *United States v. Property Identified as 3120 Banneker Dr., N.E., Washington, D.C.*, 691 F. Supp. 497, 499 (D.D.C. 1988)); *see also United States v. 300 Blue Heron Farm Lane Chestertown, Md.*, 115 F. Supp. 2d 525, 526 (D. Md. 2000) (noting that a criminal conviction is not required for a civil *in rem* forfeiture proceeding). Here, it is altogether irrelevant

9

whether Claimant was charged or convicted of any underlying crime. Therefore, Claimant's argument as to this issue is without merit.

Claimant takes issue with the instant forfeiture on many grounds, but Claimant's arguments for dismissal fail to address whether the facts alleged in the complaint sufficiently state a claim to relief. For the foregoing reasons, it is recommended that Claimant's motion to dismiss be denied.

B.      Motion to Suppress [DE-22]

Claimant has moved to suppress evidence obtained from a search of his residence pursuant to a warrant on the ground that the search warrant and resulting search violated the Fourth Amendment. Cl.'s Mot. to Suppress [DE-22]. Specifically, Claimant argues the affidavit lacked probable cause for three reasons, including (1) the inclusion of incorrect criminal history information,[2] (2) improper reliance on a confidential informant, and (3) improper reliance on electric bills.[3] *Id.*

The Government contends that Claimant's motion to suppress should be denied because Claimant is barred by the doctrines of collateral estoppel and waiver based on the previous state court proceedings arising from the contested search in which Claimant plead guilty. Gov't's Resp. in Opp'n to Mot. to Suppress [DE-26] at 3-4. The court does not reach the applicability of collateral estoppel or waiver, instead denying Claimant's motion to suppress on other grounds. Additionally, because Claimant contests the sufficiency of the search warrant affidavit and Claimant has attached

---

[2] The court construes Claimant's first contention, that the affidavit supporting the search warrant contained false information, to be a request for a *Franks* hearing.

[3] Claimant also contends that any statements made to law enforcement officers while at his residence should be suppressed because he was not read his *Miranda* rights by an arresting officer. Cl.'s Mot. to Suppress [DE-22]. This argument fails because the exclusionary rule does not apply to *Miranda* violations in civil forfeiture cases. *See United States v. $107,840.00 in U.S. Currency*, 784 F. Supp. 2d 1109, 1119 (S.D. Iowa 2011).

10

the affidavit to his motion to suppress which the Government does not contest, [DE-22-1], an evidentiary hearing is not necessary to resolve this motion.

     a.    *Franks* Hearing

In *Franks v. Delaware*, 438 U.S. 154, 156 (1978), the Supreme Court held that under certain narrowly-defined circumstances a defendant may attack a facially sufficient affidavit. The *Franks* court recognized a strong "presumption of validity with respect to the affidavit supporting the search warrant," *id.* at 171, and thus created a rule of "limited scope," *id.* at 167. To obtain a *Franks* hearing, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause . . . ." *Franks*, 438 U.S. at 155-56; *see United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990). The *Franks* test also applies to a defendant's allegations of omissions of material facts from a warrant affidavit. *See United States v. Tate*, 524 F.3d 449, 454 (4th Cir. 2008). The burden to obtain a *Franks* hearing is a "heavy one." *Id.* "This showing must be more than conclusory and must be accompanied by a detailed offer of proof that the affiant "intended to mislead the magistrate." *Colkley*, 899 F.2d at 300 (quotation omitted); *see Franks*, 438 U.S. at 171; *United States v. Chavez*, 902 F.2d 259, 265 (4th Cir. 1990) (stating defendant must show that the agent affirmatively tried to mislead the magistrate and ambiguity or lack of clarity is not sufficient to obtain a *Franks* hearing). "In addition, the false statement must be essential to the probable cause determination . . . ." *Colkley*, 899 F.2d at 300; *see Franks*, 438 U.S. at 171-72.

Claimant contends that the affiant, in an effort to establish probable cause, falsely represented his criminal history by stating that "[Claimant] had been *convicted* of Maintaining a Dwelling to

11

keep a controlled substance." Cl.'s Mot. to Suppress [DE-22] (emphasis added). The affidavit bearing the date of March 28, 2012, the date that Claimant's residence was searched by the NHCSO officials, is attached to Claimant's motion. [DE-22-1]. The affidavit states the following: "[Claimant's] criminal history showed multiple *arrests* over many years. [Claimant] had several *arrests* for narcotics *violations* to include Felony Possession of Marijuana and Maintaining a Dwelling to Keep a Controlled Substance." *Id.* (emphasis added). The affidavit states that Claimant's criminal history was viewed in a confidential law enforcement database. *Id.* Here, the only statements in the affidavit referring to Claimant's criminal history are the two sentences recited above, neither of which state that Claimant was convicted of a narcotics violation; rather, the statements indicate Claimant was arrested for narcotics violations. Statements that an individual was arrested for a narcotics violation do not imply or give rise to the conclusion that the individual was convicted of such violation. Claimant construes this statement to mean that he was convicted, which he claims is false, but a common sense reading of the affidavit statement simply does not support this inference. Therefore, Claimant has failed to demonstrate that this affidavit contains a false statement because the falsity he claims is not present in the affidavit and he does not contest the factual truth of the arrests. Claimant misconstrues the statements in the affidavit, which cannot suffice to show the presence of a false statement in the affidavit. Accordingly, Claimant's contention does not require a hearing under *Franks*.

  b. Probable Cause in Affidavit

Having concluded that the search warrant affidavit contains no false statement, the court now considers Claimant's contention that the affidavit was insufficient to support a finding of probable cause. Cl.'s Mot. to Suppress [DE-22]. First, Claimant contends that reliance on information from

12

a confidential informant cannot sustain a probable cause finding because such information is hearsay and the informant had "no direct firsthand knowledge of any wrong doing on [Claimant's] part and no evidence to back up said claim." *Id.* Additionally, Claimant contends that the electric bill for his residence failed to establish a nexus to illegal activity at his residence. *Id.*

"A magistrate presented with a search warrant application must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lalor*, 996 F.2d 1578, 1580 (4th Cir. 1993) (quotation and alteration omitted). "Although the concept of probable cause defies a precise definition, it 'exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found' in the place to be searched." *United States v. Richardson*, 607 F.3d 357, 369 (4th Cir. 2010) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)); *see United States v. Williams*, 974 F.2d 480, 481-82 (4th Cir. 1992) (noting the totality of facts establishes a fair probability that drug paraphernalia will be found in drug dealer's hotel room). "The nexus between the place to be searched and the items seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *Lalor*, 996 F.2d at 1582 (citation omitted). "A combination of tips from an informant and first-hand corroborative observation of suspicious activity will provide probable cause . . . ." *United States v. McCraw*, 920 F.2d 224, 227 (4th Cir. 1990). In other words, hearsay statements from confidential informants are permissible in an affidavit and may serve to establish probable cause so long as a "substantial basis for crediting the hearsay is presented." *United States v. Wylie*, 705 F.2d 1388, 1389 (4th Cir. 1983) (quoting *Jones v. United States*, 362 U.S. 257, 269 (1960)); *see United States v. McKenzie-Gude*,

13

671 F.3d 452, 462 (4th Cir. 2011). When a probable cause determination is based in part on an informant's report, "[a]n important factor . . . is the degree to which [the report] is corroborated." *Lalor*, 996 F.2d at 1582; *see United States v. Wilhelm*, 80 F.3d 116, 119 (4th Cir. 1996). "Corroboration of apparently innocent details of an informant's report tends to indicate that other aspects of the report are also correct." *Lalor*, 996 F.2d at 1581.

In the instant case, the affidavit supports a finding of probable cause. Claimant's argument that "firsthand knowledge and definitive proof" is required before a search warrant is issued has no merit because the probable cause standard only requires a fair probability based on the circumstances. The informant stated that Claimant was selling and growing marijuana at his residence near the Gordon Road area and drove a black Dodge Charger. Here, there is sufficient indicia of the confidential informant's truthfulness and reliability. The affiant conducted an investigation of Claimant and Claimant's residence over an almost two-week period once the NHCSO received information from a detective in the Onslow County Sheriff's Office provided by one of their reliable informants. The affiant confirmed that Claimant lived at an address near Gordon Road, drove by Claimant's residence and observed a black Dodge Charger in the driveway, and confirmed the vehicle was registered to Claimant. This corroboration of seemingly innocent details gives credence to the information provided by the informant. *See Lalor*, 996 F.2d at 1580 (stating that the "[c]orroboration of apparently innocent details of an informant's report tends to indicate that other aspects of the report are also correct"). Additionally, the affidavit informed the magistrate that this confidential informant had given information in the past that had proven to be reliable, and was therefore an identifiable informant to law enforcement. While there is no detailed recitation regarding the informant's past instances of reliability, the affidavit states under oath that this

14

informant has a record of providing reliable information which "provide[s] a basis from which the magistrate could deduce that the information provided by the [confidential informant] with respect to [Claimant] was reliable as well." *United States v. Underwood*, No. 7:05-CR-10-F, 2005 WL 5758812, at *3 (E.D.N.C. May 27, 2005) (recognizing that a magistrate could find an informant reliable because he was known by law enforcement to be reliable).

Further, the affiant's investigation included a review of Claimant's criminal history and electricity records, the results of which lend further credence to the informant's information. The affidavit states that electricity records from the prior 18 months for Claimant's residence and surrounding residences of comparable size were reviewed, revealing Claimant's residence maintained an average monthly bill nearly three times that of comparable surrounding residences. *See United States v. Miller*, No. 1:12-CV-269, 2012 WL 4061771, at *6 (M.D.N.C. Sept. 14, 2012) (recognizing that an abnormal electricity usage pattern is important corroborating information). Claimant's criminal history also indicated previous arrests for narcotics violations, including maintaining a dwelling to keep a controlled substance. *See United States v. Bynum*, 293 F.3d 192, 197-98 (4th Cir. 2002) ("An officer's report in his affidavit of the target's prior criminal activity or record is clearly material to the probable cause determination."). This information further establishes the informant's reliability and shows a nexus between the alleged criminal activity and Claimant's residence.[4] It is reasonable to suspect that an individual selling and growing marijuana would store drugs and items used in the sale and cultivation of such drugs at his residence. *See United States v. Grossman*, 400 F.3d 212, 217-18 (4th Cir. 2005) (declining to require specific evidence of the

---

[4] The affidavit does not expressly state the property to be searched, only mentioning the "above described property," and the search warrant application is not part of the record. [DE-22-1]. However, the only property described in the one-page affidavit is Claimant's residence at 2626 Sapling Circle, Wilmington, North Carolina. A fair reading of the affidavit, alongside Claimant's motion and the Government's response, indicates that the search warrant relates to Claimant's Wilmington, North Carolina residence.

existence of drugs in a residence when other facts establish probable cause for the search and common sense indicated contraband was likely to be located within the residence). Applying the probable cause standard to this information, there is a "fair probability" that evidence of contraband will be found at Claimant's residence. The affidavit supports a finding of probable cause and Claimant does not contest the search on other grounds.[5] Accordingly, this court recommends Claimant's motion to suppress be denied.

C. Motion for Summary Judgment [DE-18]

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby*, 47 U.S. 242, 247 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish any one of the essential elements

---

[5] Any contest to the search of the defendant vehicle parked in the driveway as not specifically listed in the search warrant is misplaced. A warrant authorizing the search of an entire property or premises includes automobiles on the property that are owned by the premises owner. *See United States v. Patterson*, 278 F.3d 315, 318 (4th Cir. 2002). Thus, the defendant vehicle was within the scope of the search warrant.

16

of the party's claim on which he will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

In the Government's "First Request for Admissions Directed to Claimant Robert Evans Jerabek, Jr.," the Government requested that Claimant admit to the following:

1. You are the registered owner and primary driver of the defendant vehicle, a black 2008 Dodge Charger.
2. At the time that the defendant vehicle was searched on March 28, 2012, it had marijuana residue or a marijuana cigarette within it.
3. You used the defendant vehicle to transport equipment or supplies for your marijuana grow operation.
4. You smoked marijuana inside the defendant vehicle.
5. You allowed others to smoke marijuana inside of the defendant vehicle.
6. You stored marijuana or other illegal controlled substances within the defendant vehicle.
7. You possessed or distributed marijuana or other illegal controlled substances within the defendant vehicle.
8. You manufactured, that is, you grew and harvested marijuana within your residence located at 2626 Sapling Circle.

Gov't's Mem. in Support of Mot. for Summ. J. Ex. A. [DE-19-1]. Claimant has neither objected to the Government's request for admissions nor served the Government with a written answer within the prescribed 30-day response period. Claimant also has not requested and received an extension of time to respond to the Government's request for admissions.[6] Pursuant to Federal Rule of Civil Procedure 36(a)(3), these requests for admission are deemed admitted for purposes of this action. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection

---

[6] Claimant's response to the Government's Motion for Summary Judgment acknowledged that he failed to timely respond to the request for admissions, but maintains he sent the responses to the Government after the 30-day response period. Cl.'s Resp. in Opp'n to Gov't's Mot. for Summ. J. [DE-21]. The docket indicates the court did not construe Claimant's response to be a Motion for Extension of Time to Respond and the court's July 23, 2013 text order is not construed as granting an extension of time. The court's text order instructs Claimant to file additional briefing as to his defense related to his failure to timely respond, and Claimant failed to respond to the court's order. Accordingly, the undersigned concludes that no extension of time has been granted.

17

addressed to the matter and signed by the party or its attorney."); *see United States v. $2,564.00 in U.S. Currency*, 5:09-CV-15-F, 2010 WL 374775, at *2 (E.D.N.C. Feb. 2, 2010) (granting summary judgment to Government in civil forfeiture action based on request for admissions deemed admitted). Moreover, Rule 36(b) states the following: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Claimant's response requests that he be relieved of the admissions the Government relies upon in support of summary judgment. Cl.'s Resp. in Opp'n to Gov't's Mot. for Summ. J. [DE-21]. However, Claimant failed to file the additional argument requested by the court as to why he should be relieved of the admissions and the court has not otherwise granted relief from the admissions. As such, the court may treat the admissions as conclusively established for the purposes of the Government's motion for summary judgment.

The Civil Asset Forfeiture Act of 2000 governs, among other things, the forfeiture of assets "used to commit or facilitate the commission of a criminal offense . . . ." 18 U.S.C. § 983(c)(3). In this civil forfeiture action against defendant vehicle, the Government bears the burden of proving by a preponderance of the evidence that the defendant property is subject to forfeiture, either as proceeds of an illegal drug transaction, or as intended for use in an illegal drug transaction. 18 U.S.C. § 983(c). Where, as here, there is a criminal offense that the property was used to facilitate, the Government must also show that there was a "substantial connection" between the defendant vehicle and the offense. *Id.* § 983(c)(3). In this case, the requests for admissions, including that Claimant used the defendant vehicle to store and distribute marijuana, are deemed admitted. This evidence, when considered in its totality, proves by a preponderance of the evidence that the defendant vehicle is subject to forfeiture under 21 U.S.C. § 881(a)(4), and that there was a

18

substantial connection between the property and the offense as the defendant vehicle was, among other things, used "to transport equipment or supplies for [Claimant's] marijuana grow operation." [DE-19-1] at 2. Claimant has failed to show that there is a genuine issue of material fact. Accordingly, the court recommends that the Government's motion for summary judgment be granted.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Claimant's Motion to Dismiss and for Return of Property [DE-16] be DENIED, Claimant's Motion to Suppress [DE-22] be DENIED, and the Government's Motion for Summary Judgment [DE-18] be GRANTED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties or the unrepresented parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, this the 6th day of February 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

19

Case 7:12-cv-00250-FL   Document 30   Filed 02/06/14   Page 19 of 19