IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.: 7:12-CV-250-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERABEK PERSONAL PROPERTY | ) | |
| Specifically Described As: A 2008 Dodge | ) | ORDER |
| Charger, VIN: 2B3KA43G38H286411, | ) | |
| and all attachments thereon; and any and | ) | |
| all proceeds from the sale of said property, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| ROBERT E. JERABEK, | ) | |
| | ) | |
| Claimant. | ) | |

This matter comes before the court on claimant's motion to dismiss and for return of property (DE 16), claimant's motion to suppress (DE 22), and the government's motion for summary judgment (DE 18). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") (DE 30) wherein it is recommended that the court deny claimant's motion to dismiss and for return of property, deny claimant's motion to suppress, and grant the government's motion for summary judgment. No objections to the M&R have been filed, and the time within which to make any objection has expired. Also before the court is claimant's motion to withdraw his claim in exchange for waiver of his state criminal fine (DE 28). For reasons given, the court ADOPTS the M&R in full, DENIES claimant's motions to dismiss and suppress, and GRANTS the government's summary judgment motion. Claimant's motion to

withdraw will be DENIED AS MOOT.

## BACKGROUND

The defendant vehicle was seized by officers with the New Hanover County Sheriff's Department ("NHCSD") who were executing a search warrant at claimant's residence on March 28, 2012. Compl. Ex. A., Jordan Decl., 4. On April 19, 2012, claimant was sentenced in New Hanover County District Court to a suspended sentence of six to seventeen (17) months incarceration for manufacture of a controlled substance in violation of N.C. Gen. Stat. § 90-95. See New Hanover Judgment Suspending Sentence ("state court judgment") (DE 16-2). Defendant was also fined five thousand dollars ($5,000.00). The state court judgment provided that the "[s]eized vehicle is to be returned to defendant if it is not in federal custody. If [the] vehicle is in poss[ession] of federal auth[orities] and not retrievable by defendant then [the] fine is to be waived." The Drug Enforcement Administration ("DEA") subsequently "adopted" the seizure of the defendant vehicle, and mailed claimant an official notice of seizure on May 16, 2012. See Notice of Seizure (DE 16-1).

On August 28, 2012, the government filed, in this court, a complaint for forfeiture *in rem* against the defendant vehicle. The complaint alleges the defendant vehicle was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. 841 et seq. Claimant filed his claim and answer on December 27, 2012. On April 30, 2013, claimant filed the instant motion to dismiss and for return of property. Claimant contends that pursuant to the state court judgment, the defendant vehicle must be returned to him. Claimant also asserts that the defendant vehicle was not purchased with proceeds from illegal activity, and he states that he was not convicted of any criminal charges with respect to his use of the defendant vehicle. This motion was opposed by the

2

government.

The government then filed the instant motion for summary judgment on June 5, 2013, asserting that where claimant neither served response, nor objected, to the government's first request for admissions, the same are deemed admitted and establish that there is no genuine issue of material fact that forfeiture of the defendant vehicle is proper.

On July 3, 2013, claimant filed the instant motion to suppress all evidence resulting from the search of his home, asserting that the search warrant was invalid. Claimant contends that the affidavit submitted in support of the search warrant lacked probable cause because (1) it mis-stated his criminal history, (2) it improperly relied on information from a confidential informant, and (3) it improperly relied on electric bills.

These motions were referred for M&R. After such referral, and before M&R was entered, petitioner filed a motion to withdraw and for miscellaneous relief (DE 28), stating that he would like to withdraw his claim on the condition that the five thousand dollars in fines imposed against him by the state court be waived. This motion is opposed by the government.

In the M&R, entered February 6, 2014, it is recommended that claimant's motion to dismiss and for return of property be denied, claimant's motion to suppress be denied, and the government's motion for summary judgment be granted.

## COURT'S DISCUSSION

A.     The Motions Referred for M&R

Absent a specific and timely filed objection to a magistrate judge's M&R, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198,

200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1.     Claimant's Motion to Dismiss

As set forth in the thoughtful and thorough M&R, the state court judgment does not preclude the instant federal forfeiture action.  In an *in rem* proceeding "'the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.'"  United States v. Winston-Salem/Forsyth Cnty. Bd. of Educ., 902 F.2d 267, 271 (4th Cir. 1990) (quoting Penn Gen. Cas. Co. v. Pennsylvania, 294 U.S. 189, 195 (1935)).  Here, the action in state court was not an *in rem* forfeiture action.  Accordingly, the state court action itself presents no jurisdictional bar to the federal action.

Moreover, "the [federal] government may adopt a seizure" made by state or local authorities, and may do so even where those authorities had "no authority to transfer the property" to the federal government.  Id. at 272; see also City of Concord, N.C. v. Robinson, 914 F. Supp. 2d 696, 706 (M.D.N.C. 2012) ("So long as a state court has not exercised *in rem* jurisdiction over the proceeds, the federal government may adopt seized property, even if the party transferring it was without authority to release it.").  Furthermore, "a federal agency's adoption of a seizure has the same effect as if the federal agency had originally seized the property on the date it was seized by the local authorities."  Madewell v. Downs, 68 F.3d 1030, 1039 (8th Cir. 1995); see also Winston-Salem/Forsyth Cnty. Bd. of Educ., 902 F.2d at 270 n.1 ("DEA adopts seizures by state or local law enforcement officials when it takes custody of seized property and treats the property as if DEA had made the initial seizure. DEA may then institute forfeiture proceedings in accordance

4

with federal law."). Thus, even assuming the NHCSD violated the state court order to return the vehicle to claimant, such violation would not effect the legitimacy of the instant forfeiture action.

As noted in the M&R, claimant's additional arguments for dismissal – namely that he purchased the vehicle with legitimate funds, and that he was not criminally convicted of wrongfully using the vehicle – are without merit. 21 U.S.C. § 881(a)(4) provides for forfeiture of property used to facilitate production and distribution of controlled substances, regardless of how they were purchased. And in civil forfeiture actions "conviction for the underlying criminal activity is not a prerequisite for forfeiture of the property." United States v. One Parcel of Real Estate Located at 7715 Betsy Bruce Lane Summerfield, N.C., 906 F.2d 110, 112 (4th Cir. 1990). Rather, "property is subject to forfeiture even if its owner is acquitted of-or never called to defend against-criminal charges." Id. Thus, claimant's motion to dismiss and for return of property is denied.

    2.    Claimant's Motion to Suppress

For reasons given in the M&R, claimant's motion to suppress will also be denied. The information in the search warrant affidavit regarding claimant's criminal history was not false where it does not assert, as claimant contends, that he was convicted for maintaining a dwelling to keep a controlled substance. Rather the affidavit only asserted that claimant had been arrested for this offense. See Search Warrant Aff. (DE 22-1).

Similarly, claimant's contention that the information in the affidavit could not support a finding a probable cause is without merit. In the first case, the affidavit refers to the past reliability of the confidential informant, and notes that information given by that informant was corroborated by independent investigation of police officers. See United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir.1993)("Corroboration of apparently innocent details of an informant's report tends to

5

indicate that other aspects of the report are also correct."). Furthermore, the electricity records obtained by police showed that claimant's average monthly bill was approximately triple that of surrounding residences. See United States v. Miller, No.1:12CR269-1, 2012 WL 4061771, at *6 (M.D.N.C. Sept. 14, 2012) (defendant's usage of nearly three times the electricity of comparable neighboring houses was important corroborating information). For these and other reasons expounded in the M&R, claimant's motion to suppress is denied.

   3.  The Government's Motion for Summary Judgment

   For reasons given in the M&R, the government's motion for summary judgment is granted. Pursuant to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serve on the requesting party a written answer or objection addressed to the matter and signed by the party of its attorney." Here, by failing to timely respond to the government's first request for admissions, claimant is deemed to have admitted the following: (1) that he is the registered owner of the defendant vehicle; (2) that when the defendant vehicle was searched on March 28, 2012, it had marijuana in it; (3) that he used the defendant vehicle to transport equipment or supplies to grow marijuana; (4) that he smoked marijuana in the defendant vehicle; (5) that he allowed others to smoke marijuana in the defendant vehicle; (6) that he stored marijuana or other illegal controlled substances in the defendant vehicle; (7) that he possessed or distributed marijuana or other controlled substances in the defendant vehicle; and (8) that he grew and harvested marijuana within his residence. This evidence shows that there is no genuine issue of material fact that claimant's vehicle is subject to forfeiture under 21 U.S.C. § 881(a)(4) (providing, in relevant part that "[a]ll . . . vehicles . . . which are used . . . to . . . in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" drugs

are subject to forfeiture).  Accordingly the government's motion for summary judgment is granted.

B.      Claimant's Motion to Withdraw

In his motion to withdraw, claimant states that he will withdraw his claim if the criminal fine imposed against him in the state court judgment is waived.  This court lacks jurisdiction over the state criminal matter, and cannot issue any orders waiving claimant's state criminal fine.  Moreover, where this matter is resolved by summary judgment for the government, claimant's motion to withdraw is denied as moot.

## CONCLUSION

Based upon the foregoing, upon careful review of the M&R and of the record generally, having found no clear error, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, for the reasons stated therein, DENIES claimant's motions to dismiss and for return of property (DE 16) and to suppress (DE 22), and GRANTS the government's motion for summary judgment (DE 18).  Where the government's motion for summary judgment is granted, claimant's motion to withdraw (DE 28) is DENIED AS MOOT.

SO ORDERED, this the ___7th___ day of March, 2014.


_____
LOUISE W. FLANAGAN
United States District Judge

7